UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lionel Wilson<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unifund CCR, LLC,<br><br>　　　　Defendant. | Civil File No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Lionel Wilson is a natural person who resides in St. Paul, Minnesota. He works as a chef while attending classes at a local vocational school. Mr. Wilson is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Unifund CCR, LLC is a Limited Liability Company based in Cincinnati, Ohio. Unifund is in the business of suing consumers to collect consumer debt. Unifund is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

*Account Ending in 4186*

6. Sometime prior to December 9, 2011, Mr. Wilson is alleged by Unifund to have incurred a financial obligation in the form of a credit account with Citibank, N.A. The alleged obligation was incurred primarily for personal, family, or household purposes and is therefore a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

7. Citibank N.A. charged off the alleged debt on December 9, 2011.

8. On the day of charge-off, Citibank reported a balance due of $1,310.76. Following the charge-off, Citibank did not send Mr. Wilson any periodic statements showing the accumulation of interest.

9. More than 30 months later, on June 25, 2014, Mr. Wilson's Citibank account was allegedly acquired by Pilot Receivables Management, LLC, who purported to assign collection rights to Unifund on the same day.

10. On the day of the alleged assignment of the account to Pilot Receivables Management, LLC and/or Unifund, Citibank reported that the amount

due and payable on the account was $1,310.76, the same amount that was allegedly due and payable when the account was charged off 30 months earlier.

11. Thus, Citibank ceased adding interest to the account in the 30 months following charge-off.

12. Citibank's admissions, acts, and omissions establish a waiver of its right to collect interest on the account ending in 4186.

13. In 2015, Unifund commenced a lawsuit against Mr. Wilson venued in the Ramsey County District Court, eventually assigned case number 62-cv-15-3652. Mr. Wilson served an answer denying liability.

14. In its lawsuit, Unifund urged the Court to award it judgment against Mr. Wilson "for the principal of $1,310.76 and *interest of $241.32 from before 01/02/15*." (emphasis added) In other words, Unifund demanded the imposition of interest for the 30 months before it allegedly acquired the account, during the same period in which the alleged original creditor, Citibank, had waived interest.

15. In addition, Unifund sought "interest on that amount from 01/2/15 to present at 6%."

16. Unifund subsequently filed a summary judgment motion, again seeking an award of the principal charge-off balance plus interest going back 30

months before it allegedly acquired the account, as well as interest from the period after it allegedly acquired the account. The motion was denied.

*Account ending in 1953*

17. Sometime prior to June 7, 2011, Mr. Wilson is alleged by Unifund to have incurred a financial obligation in the form of a credit account with Citibank, N.A. The alleged obligation was incurred primarily for personal, family, or household purposes and is therefore a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

18. Citibank N.A. charged off the alleged debt on or about June 7, 2011.

19. On the day of charge-off, Citibank reported a balance due of $1,744.04. Following the charge-off, Citibank did not send Mr. Wilson any periodic statements showing the accumulation of interest.

20. More than three years later, on June 25, 2014, Mr. Wilson's Citibank account was allegedly acquired by Pilot Receivables Management, LLC, who purported to assign collection rights to Unifund on the same day.

21. On the day of the alleged assignment of the account to Pilot Receivables Management, LLC and/or Unifund, Citibank reported that the amount due and payable on the account was $1,744.04, the same amount that was

allegedly due and payable when the account was charged off three years earlier.

22. Thus, Citibank ceased adding interest to the account in the three years following charge-off.

23. Citibank's admissions, acts, and omissions establish a waiver of its right to collect interest on the account ending in 1953.

24. In 2015, Unifund commenced a lawsuit against Mr. Wilson venued in the Ramsey County District Court, eventually assigned case number 62-cv-15-3653.  Mr. Wilson served an answer denying liability.

25. In its lawsuit, Unifund urged the Court to award it judgment against Mr. Wilson "for the principal of $1,744.04 *and interest of $374.13 from before 01/02/15*." (emphasis added)  In other words, Unifund demanded the imposition of interest for the three years before it allegedly acquired the account, during the same period in which the alleged original creditor, Citibank, had waived interest.

26. In addition, Unifund sought "interest on that amount from 01/2/15 to present at 6%."

27. Unifund subsequently filed a summary judgment motion, again seeking an award of the principal charge-off balance plus interest going back three years before it allegedly acquired the account, as well as interest

from the period after it allegedly acquired the account. The motion was denied.

*FDCPA Violations*

28. Unifund's conduct as described herein constitutes attempts by Unifund to collect amounts not authorized by law, *i.e.*, post charge-off interest that was waived by its alleged predecessor.

29. Moreover, there is no right to post charge-off statutory interest because Minnesota's applicable prejudgment interest statute does not apply where "a different rate is contracted for in writing." In these cases Unifund alleged that Mr. Wilson's liability arose from credit card contracts, *i.e.*, contracts setting forth a contractual interest rate.

30. In addition, the applicable Minnesota statute forbids the imposition of statutory prejudgment interest for consumer cases involving an alleged principal balance of under $4,000.

31. Because Unifund's lawsuits claimed principal balances of less than $4,000, Unifund had no legal basis to collect statutory prejudgment interest, even in the absence of a waiver.

32. Unifund has a pattern and practice of making improper attempts to recover from Minnesota consumers post charge-off interest despite the waiver of interest before Unifund's alleged acquisition of the debt.

Unifund is successful in the vast majority of such cases, because consumers (who cannot afford attorneys or court fees, and who do not understand the law of waiver) default.

33. Unifund has a pattern and practice of making improper attempts to collect statutory interest on cases involving a principal balance of under $4,000.  Unifund is successful in the vast majority of such cases, because consumers (who cannot afford attorneys or court fees, and who are not familiar with prejudgment interest statutes) default.

## TRIAL BY JURY

34. Lionel Wilson is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

35. Mr. Wilson incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

36. The foregoing acts and omissions by Unifund constitute violations of the FDCPA.  Specifically, Unifund violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10) by falsely representing the character, amount, or legal status of the alleged debt, threatening to take action that cannot legally be taken, and using a false representation or deceptive means to collect a debt.

37. In addition, Unifund violated 15 U.S.C. §§ 1692f and 1692f(1) by using unfair means to collect the alleged debt and by attempting to collect an amount not authorized by the agreement or permitted by law.

38. As a result of Unifund's violations of the FDCPA, Mr. Wilson is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Lionel Wilson prays that judgment be entered against Unifund CCR, LLC as follows:

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)2)(A);

c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. For such further and other relief as may be just and proper.

DATED:  November 5, 2015

        By:   /s James R. Mayer
            Darren Brayer Schwiebert (#260642)
             dschwiebert@mayerbrayer.com
            James R. Mayer (#312241)
             jmayer@mayerbrayer.com
            Mayer Brayer LLP
            Butler Square Suite 445A
            100 North Sixth Street
            Minneapolis, MN 55403

            Attorneys for Plaintiff
            Lionel Wilson